UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CASE ACTION NO: __3:21-cv-1-GNS__
*Electronically filed*

TWELVE THOUSAND NINE HUNDRED
TEN DOLLARS IN UNITED STATES
CURRENCY ($12,910.00)     DEFENDANT

## VERIFIED COMPLAINT
## FOR FORFEITURE IN REM

The United States of America, by counsel, Russell M. Coleman, United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Twelve Thousand Nine Hundred Ten Dollars ($12,910.00) in United States currency.

### JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant

*in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5. The defendant is: Twelve Thousand Nine Hundred Ten Dollars in United States Currency ($12,910.00). On or about July 31, 2020, Agents with the Drug Enforcement Agency seized this property from Jordan Branham at Sovereign Way, Louisville, Kentucky. The Drug Enforcement Administration ("DEA") began administrative forfeiture proceedings against this property, during which Michael Embry filed the only claim (received by DEA on or about October 11, 2020). The defendant property is currently in the custody of the United States Marshals Service.

## THE LAW

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act (21 U.S.C. §§ 841 and 846); 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## SUMMARY OF RELEVANT FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of Keith A. Bikowski, Special Agent, Drug Enforcement Administration, which is attached hereto as Attachment A, and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

8. The defendant property is money furnished or intended to be furnished in exchange for a controlled substance (or traceable thereto) and/or represents money used or intended to be used to facilitate a violation of the Controlled Substance Act. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff respectfully requests:

1. that the Court issue a warrant for the arrest and seizure of the defendant property;
2. that notice of this action be given to all persons known or thought to have an interest in or right against the property;
3. that the defendant property be forfeited and condemned to the United States of America;
4. that the plaintiff be awarded its costs and disbursements in this action; and
5. for such other and further relief as this Court deems proper and just.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

s/*Amy M. Sullivan*
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

## VERIFICATION

I, Keith A. Bikowski, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Keith A. Bikowski, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this 31st day of December, 2020.

_____
Notary Public
My Commission expires: 9/14/2022

```
SANDRA A. FOCKEN
Notary Public
Commonwealth of Kentucky
Commission Number 605711
My Commission Expires Sep 14, 2022
```

4

✎JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
TWELVE THOUSAND NINE HUNDRED TEN DOLLARS IN U.S. CURRENCY. ($12,910.00)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
21 U.S.C. 881(a)(6)

Brief description of cause:
drug related seizure of property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 1/4/2021

SIGNATURE OF ATTORNEY OF RECORD: Amy M. Sullivan   *Digitally signed by Amy M. Sullivan   Date: 2021.01.04 10:31:16 -05'00'*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example: U.S. Civil Statute: 47 USC 553
   Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

1. This affidavit is in support of the forfeiture of $12,910.00 (defendant currency) which was seized from Jordan BRANHAM on or about July 31, 2020.

2. Affiant has been employed by the Drug Enforcement Administration (DEA) as a Special Agent (SA) since 2017, and was previously employed by the Indiana State Police as a State Trooper beginning in 2007. Affiant is currently assigned to the Louisville Division Office (LDO). In connection with official DEA duties, affiant investigates criminal violations of state and federal narcotics laws, including, but not limited to violations of Title 21, United States Code, Sections 841, 843, 846 and 848. Affiant has received specialized training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. Affiant has testified in judicial proceedings and prosecutions for violations of controlled substance laws. Affiant also has been involved in various types of wire surveillance, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking. I have debriefed defendants, cooperating individuals, and witnesses who, from their personal knowledge, related how they amassed, spent, converted, transported, distributed, and concealed the proceeds of their unlawful drug trafficking. In my capacity as a DEA Special Agent, I am authorized to apply for a search warrant under Rule 41 of the Federal Rules of Criminal Procedure.

3. As set forth more fully below, based upon information provided to me and/or first hand knowledge, Affiant states there is probable cause to believe that the defendant currency is proceeds traceable to drug trafficking.

4. Since June of 2020, the Louisville Division Office (LDO) and Kentucky State Police (KSP) have been actively investigating a poly-drug trafficking organization, including Jordan BRANHAM (BRANHAM).

5. During DEA's investigation into BRANHAM, DEA identified a suspect they identified as Dominic Flores (Flores). Flores was identified as a top contact on BRANHAM's cell phone. A records check of Flores showed that he had a criminal history including violence and drug dealing. Furthermore, Flores' most current address was listed on Apricot Lane, Pomona, CA 91767.

6. On July 29, 2020, DEA worked with the United States Postal Inspector Service (USPIS) to identify several parcels that had been shipped between BRANHAM, in Louisville, KY, and Flores, in Pomona, CA. Those shipments occurred in June and July of 2020. In addition to those parcels, USPIS identified a parcel that had a name and return address of

Dom Gonzalez, on Harrison Ave., Pomona, CA 91767 (full address known but omitted). The recipient listed on that parcel was Jordan B., on Soverign Way, Louisville, KY 40258 (full address omitted). That parcel was shipped on July 28, 2020, and was due to arrive in Louisville on July 31, 2020. Investigators suspected that package was shipped by Flores, in Pamona, CA, to BRANHAM, in Louisville, KY. Furthermore, the address on Soverign Way was identified as BRANHAM's mother's residence.

7. On the morning of July 31, 2020, USPIS interdicted the above described parcel due to suspicion that it may contain narcotics. That morning, Customs and Border Patrol (CBP) officer Dan Melvin utilized his K-9 named "Pucky," to conduct an exterior sniff of that parcel. The K-9 indicated the presence of drugs within the parcel. A Federal search warrant was applied for, and signed by United States Magistrate Judge Colin H. Lindsay, Western District of Kentucky. A subsequent search of that parcel yielded approximately 1 lb. 10 ounces of suspected marijuana, approximately 500 pills marked M/30 (approx. 4 ounces)(believed to be Oxycodone), and approximately 1,000 white rectangular pills with unknown markings (approx. 11.3 ounces)(believed to be Xanax).

8. Later that day, on July 31, 2020, members of DEA, KSP, and USPIS established surveillance at BRANHAM's mother's house on Soverign Way, Louisville, KY, and at BRANHAM's house on Wilburlook Lane, Louisville, KY. USPIS delivered the parcel to BRANHAM's mother's address.

9. A short time after it was delivered, surveillance units at BRANHAM's house watched BRANHAM leave his residence carrying a camouflaged backpack. He entered a gray Chevrolet Traverse. A records check showed that the license plate is registered to Michael Embry, with an address on Beech Grove Road, Shepherdsville, KY 40165. BRANHAM drove that vehicle away from his residence. A short time later, at approximately 5:00 pm, BRANHAM arrived at his mother's house on Soverign Way, Louisville, KY. He was the sole occupant of the gray Chevrolet Traverse.

10. Upon his arrival, BRANHAM exited his vehicle and walked up to the porch of the residence where the package had been set by USPIS. BRANHAM picked up the parcel, and carried it back to the Chevrolet Traverse. As soon as BRANHAM entered his vehicle, DEA, KSP, and USPIS conducted a traffic stop on him in the driveway on Soverign Way.

11. BRANHAM was placed in handcuffs and searched. Two plastic bags, each containing powder (approx. 3 oz), were located within his pocket. A KSP K-9 was utilized to conduct a sniff of the Chevrolet Traverse. The K-9 indicated the presence of drugs within the vehicle. During a search of the vehicle, the camouflaged backpack BRANHAM had taken from his residence, was located. A search of that backpack yielded a plastic sandwich bag containing two different types of white powder (approx.

2.6 oz), confectioner sugar (cutting agent), several blue tablets labeled B706 (1.2 ounces), numerous empty sandwich bags, and two stacks of U.S. Currency, each bound with rubber bands. An additional plastic sandwich bag containing powder (approx. 1 ounce), was located on the center console area of the vehicle.

12. During a post-Miranda statement(s), BRANHAM claimed that the powder found within his pocket during the traffic stop was heroin. He claimed that he had picked up the parcel, which he believed contained approximately 500 Oxycodone pills and 1,000 Xanax pills. When asked specifically about the money (defendant currency) in the camouflage backpack, BRANHAM said that it was his and approximately $8,500 of it was drug proceeds. He claimed that he obtained the rest of the money by selling personal computers that he previously owned. BRANHAM said that he was currently unemployed, and taking on-line college classes for a culinary arts degree. BRANHAM further stated that he had been selling drugs for approximately a year. According to Courtnet, BRANHAM has had multiple drug-related charges (drug trafficking and possession) since 2012. It appears that he is currently on felony diversion/supervision for drug trafficking in Jefferson Circuit Court, Case No. 17CR003322.

13. After the search of his vehicle, BRANHAM gave investigators permission to search his residence on Wilburlook Lane. During a search of his residence, additional items indicating drug possession, distribution, and drug proceeds were located. Some of those items included numerous plastic pouches, containing individually packaged suspected marijuana, and pills marked M/30. An undetermined amount of U.S. Currency was located within a jacket in the living room of the residence. That currency was seized, but later returned to BRANHAM as it was below established DEA threshold amounts for seizure. BRANHAM claimed it was approximately $2,800 which he was going to use to pay bills.

14. SA Keith Bikowski and TFO Joshua Noble transferred all of the evidence including the U.S. Currency to the LDO. On August 4, 2020 the U.S. Currency seized from BRANHAM's camouflaged backpack was transported to Loomis, where Loomis provided an official count of $12,910.00 for the U.S. Currency (defendant currency).

15. DEA began administrative forfeiture proceedings against the defendant currency, sending notice to BRANHAM and Michael Embry (because BRANHAM was in a vehicle registered to Embry). On or about October 11, 2020, Michael Embry filed the only claim to the $12,910.00 seized from BRANHAM's backpack. In his claim, Michael Embry stated "The assets stated belongs to me or I'm entitled to the assets at handle and no one else should be able to claim it, but myself. This assets could have either been willed to me upon death of my father or other family member that I wasn't aware of how to handle properly or in a timely fashion." According to Courtnet, Embry has had multiple alcohol and/or drug-related charges since 1999, including a 2010 felony drug trafficking charge that was amended to a misdemeanor.

16. As set forth above, there is probable cause to believe that the defendant currency listed above and in the Complaint is subject to forfeiture to the United States, as proceeds directly and indirectly traceable to and/or intended for drug trafficking (both facilitating and proceeds thereof). Consequently, the defendant currency is subject to forfeiture under 21 U.S.C. § 881(a)(6).

AFFIANT FURTHER SAYETH NOT

_____
Special Agent Keith A. Bikowski
Drug Enforcement Administration

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

PLAINTIFF

v.                                    CASE ACTION NO: __3:21-cv-1-GNS_____

*Electronically filed*

TWELVE THOUSAND NINE HUNDRED TEN
DOLLARS IN UNITED STATES CURRENCY ($12,910.00)

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:   THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION
      AND/OR ANY OTHER DULY AUTHORIZED LAW
      ENFORCEMENT OFFICER:

WHEREAS the United States Attorney for the Western District of Kentucky has filed a Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the 4th day of January, 2021, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem*, there is probable cause to believe that the defendant property so described therein constitutes property that is subject to forfeiture for such violations, and that grounds for issuance of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, and to take the defendant property into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.  This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M. Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502)582-5911
(502)582-5097(fax)
amy.sullivan@usdoj.gov

cc:     United States Attorney (AMS) - two certified copies of order and
        two certified copies of the Verified Complaint